DECISION AND JUDGMENT ENTRY
{¶ 1} Gary Sutterfield, Jr. appeals from his conviction on a charge of Illegal Conveyance of Prohibited Items onto a Detention Facility, arguing that the court erred in rejecting his motion to suppress evidence of his possession of a knife. He contends his original arrest for disorderly conduct, which led to the discovery of the knife, violated R.C. 2935.06 and its prohibition against arrests for minor misdemeanors. Because we conclude that his original arrest was for persistent disorderly conduct, a misdemeanor of the fourth degree, the prohibition of R.C. 2935.06 does not apply. Thus, we affirm his conviction.
 {¶ 2} Sutterfield went to the Adams County Jail to visit an incarcerated individual. While there, he became boisterous and had a verbal run-in with his half-brother, Deputy Mathias. Apparently, Sutterfield and Mathias are not on friendly terms. In any event, Mathias told Sutterfield to leave the visitor's waiting room because he was being disruptive. After a brief exchange, Sutterfield left but, according to Mathias, he continued to be loud and abusive outside the jail. Mathias pursued Sutterfield onto the street where he arrested him. Mathias returned Sutterfield to the booking area where he charged him with disorderly conduct in violation of R.C. 2917.11. The misdemeanor citation made no reference to any persistent conduct but merely referenced the statute in general terms. Moreover, the citation was written on a form designated for minor misdemeanors. After issuing the citation, Mathias searched Sutterfield "incident to his arrest." This search uncovered a knife located in Sutterfield's boot. Because Sutterfield had just left the jail's visitor waiting room, he ultimately faced charges for carrying a weapon into a detention facility.
 {¶ 3} Sutterfield's counsel filed a motion to suppress the knife, contending that the charge of disorderly conduct was a minor misdemeanor. Since R.C. 2935.06 prohibits arrests for minor misdemeanors with certain exceptions that do not apply here, the motion contended the arrest was illegal and necessitated the suppression of the knife. At the hearing, Deputy Mathias insisted that he arrested Sutterfield for persistent disorderly conduct, a fourth degree misdemeanor, under R.C.2917.11(E) in spite of the fact that the citation: 1) was on a form for minor misdemeanors, 2) did not reference any persistent conduct, and 3) only referred to the statute in general terms. After the court denied the motion, Sutterfield pled no contest, was sentenced and filed this appeal. His sole assignment of error contends: "The trial court erred in denying the defendant-appellant's motion to suppress evidence as said evidence was obtained after an unlawful arrest of the defendant-appellant."
 {¶ 4} In a motion to suppress, the trial court assumes the role of trier of fact, and as such, is in the best position to resolve questions of fact and evaluate witness credibility. See, e.g., State v. Mills
(1992), 62 Ohio St.3d 357, 366, 582 N.E.2d 972, citing State v. Fanning
(1982), 1 Ohio St.3d 19, 20, 437 N.E.2d 583; see, also, State v.Williams (1993), 86 Ohio App.3d 37, 41, 619 N.E.2d 1141. Accordingly, in our review, we are bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. State v. Guysinger
(1993), 86 Ohio App.3d 592, 594, 621 N.E.2d 726. Accepting those facts as true, we must independently determine as a matter of law, without deference to the trial court's conclusion, whether they meet the applicable legal standard. Ornelas v. United States (1996), 517 U.S. 690,694-95, 116 S.Ct. 1657, 134 L.Ed.2d 911; State v. Klein (1991),73 Ohio App.3d 486, 488, 597 N.E.2d 1141; Williams, Guysinger, supra.
 {¶ 5} R.C. 2935.26 precludes custodial arrests where the charge is a minor misdemeanor, with certain nonapplicable exceptions.[1] As the Supreme Court of Ohio held in State v. Jones, 88 Ohio St.3d 430,2000-Ohio-374, 727 N.E.2d 886, syllabus, a custodial arrest in violation of the state's prohibition on minor misdemeanor arrests violates both the Fourth Amendment and the Ohio Constitution. But, see, Atwater v. City ofLago Vista (2001), 532 U.S. 318, 354, 121 S.Ct. 1536, 149 L.Ed.2d 549
(holding that an officer who has probable cause may arrest an offender who has committed only a very minor criminal offense without violating the Fourth Amendment). Because Jones is based in part on the Ohio Constitution, Atwater is not the rule in Ohio. See Katz, Ohio Arrest, Search and Seizure (2002 Ed.) Section 5.6. Thus, if Sutterfield's original arrest is deemed to be for a minor misdemeanor, Jones mandates suppression of the knife. Because we conclude the original arrest for disorderly conduct was in fact for persistent conduct, which elevates the offense to a fourth degree misdemeanor, R.C. 2935.26 and Jones do not apply. Thus, the trial court properly rejected Sutterfield's motion.
 {¶ 6} At the motion to suppress hearing Deputy Mathias insisted he arrested Sutterfield for persistent disorderly conduct in spite of the fact that he used a minor misdemeanor citation form and did not reference persistent conduct or the appropriate subsection of R.C. 2917.11, i.e., subsection (E).[2] The conduct that he and Deputy Demint both described as forming the basis for the arrest is consistent with the persistent disorderly conduct statute. They each described Sutterfield as being disruptive and abusive in the visitor's room and on the street after he was ordered to leave the jail. Demint said Sutterfield "was in the middle of [St. Rte.] 247 yelling." Mathias indicated that "* * * I could hear his voice screaming, hollering, you know." He also noted, "As he exited the front door he continued, he was persistent." Mathias described Sutterfield's conduct while in the waiting room as being "very belligerent, very disorderly, disrupting, you know, everybody there." These descriptions are consistent with persistent disorderly conduct. While Sutterfield, who did not testify at the hearing, and the witness on his behalf dispute the accuracy of the deputies' testimony, we leave that credibility determination to the trial court.
 {¶ 7} While Sutterfield focuses upon the generic nature of the charge in the citation and its appearance on a form designated for minor misdemeanors, we do not believe those facts require us to reverse the trial court. Crim.R. 3 provides that a complaint is a written statement of the essential facts constituting the offense; it must state the numerical designation of the offense. There is no reference to a requirement for including subsections in the complaint. Moreover, Crim.R. 7(D) provides that the court may, at anytime, amend a complaint to cure a defect or omission provided no change is made in the name or identity of the offense. Thus, there is nothing fatal or outcome determinative about the form or substance of the citation in this case.
 {¶ 8} Based upon the facts presented at the hearing, we conclude that the trial court correctly determined the arrest was for a misdemeanor of the fourth degree, i.e., persistent disorderly conduct. See R.C. 2917.11(E). Thus, R.C. 2935.26 and Jones do not apply and the arrest was lawful. The trial court did not err in denying the motion to suppress.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Adams County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. Kline, J.: Concur in Judgment and Opinion.
[1] R.C. 2935.26 states: "(A) Notwithstanding any other provision of the Revised Code, when a law enforcement officer is otherwise authorized to arrest a person for the commission of a minor misdemeanor, the officer shall not arrest the person, but shall issue a citation, unless one of the following applies: (1) The offender requires medical care or is unable to provide for his own safety; (2) The offender cannot or will not offer satisfactory evidence of his identity; (3) The offender refuses to sign the citation; (4) The offender has previously been issued a citation for the commission of that misdemeanor and has failed to do one of the following: (a) Appear at the time and place stated in the citation; (b) Comply with division (C) of this section.
[2] R.C. 2917.11(E) states: "Whoever violates this section is guilty of disorderly conduct. Except as otherwise provided in this division, disorderly conduct is a minor misdemeanor. If the offender persists in disorderly conduct after reasonable warning or request to desist or if the offense is committed in the vicinity of a school, disorderly conduct is a misdemeanor of the fourth degree."